**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000615
14-NOV-2012
10:23 AM**

NO. CAAP-12-0000615

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EDMUND M. ABORDO, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 93-0737)

---

CEDRIC AH SING, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 56581)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over Petitioners-Appellants Edmund M. Abordo's
(Appellant Abordo) and Cedric Ah Sing's (Appellant Ah Sing)
appeal from the following four orders relating to their

respective petitions for post-conviction relief pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP):

(1)    the Honorable Richard K. Perkins's May 7, 2012 circuit court order in Criminal No. 93-0737 denying Appellant Abordo's January 24 and February 17, 2012 HRPP Rule 40 petitions for post-conviction relief;

(2)    the Honorable Richard K. Perkins's May 7, 2012 circuit court order in Criminal No. 56581 denying Appellant Ah Sing's HRPP Rule 40 petition for post-conviction relief;

(3)    the Supreme Court of Hawaii's June 14, 2012 order in appellate court case number SCPW-12-0000419 denying Appellant Abordo's April 26, 2012 petition for writ of mandamus; and

(4)    the Supreme Court of Hawaii's the June 14, 2012 order in SCPW-12-0000430 denying Appellant Ah Sing's April 30, 2012 petition for writ of mandamus.

As explained below, under the relevant Hawaii Revised Statutes (HRS) and the Hawai'i Rules of Appellate Procedure (HRAP), we lack appellate jurisdiction.

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted). There is no constitutional or statutory provision that authorizes a party to appeal from an order by the Supreme Court of Hawai'i to the Hawai'i Intermediate Court of Appeals. Therefore, the Supreme Court of Hawaii's June 14, 2012 orders in appellate court case numbers SCPW-12-0000419 and SCPW-12-0000430 are not appealable to the Hawai'i Intermediate Court of Appeals.

In contrast, however, "[i]n a circuit court criminal case, a defendant may appeal from the judgment of the circuit

court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Pursuant to HRS § 641-11 (Supp. 2011) and "HRPP Rule 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). Therefore, the circuit court's May 7, 2012 orders denying Appellant Abordo's and Appellant Ah Sing's respective HRPP Rule 40 petitions for post-conviction relief in Criminal No. 93-0737 and Criminal No. 56581 were immediately appealable orders pursuant to HRS § 641-11 (Supp. 2011) and HRPP Rule 40(h).

With respect to the timeliness of Appellant Abordo's and Ah Sing's joint appeal from the two May 7, 2012 orders, "pursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order." Grattafiori v. State, 79 Hawai'i at 13, 897 P.2d at 940. Furthermore, the Supreme Court of Hawai'i has held that, under analogous circumstances in a civil case, when a pro se prisoner attempts to assert an appeal, the "notice of appeal is deemed filed for purposes of Hawai'i Rules of Appellate

-3-

Procedure (HRAP) Rule 4(a) on the day it is tendered to prison officials by a pro se prisoner." Setala v. J.C. Penney Company, 97 Hawai'i 484, 485, 40 P.3d 886, 887 (2002) (internal quotation marks omitted). In the instant case, HRAP Rule 4(b) provides the controlling time period rather than HRAP Rule 4(a).

Appellant Abordo and Appellant Ah Sing appear to have signed their joint July 3, 2012 notice of appeal on June 25, 2012, and the envelope in which they mailed their joint July 3, 2012 notice of appeal has the date June 27, 2012, stamped on it. Even if we infer that the earlier June 25, 2012 signature date is the date on which Appellant Abordo and Appellant Ah Sing tendered their notice of appeal to prison officials for mailing, the June 25, 2012 signature date is not within thirty days after entry of the two May 7, 2012 orders in Criminal No. 93-0737 and Criminal No. 56581, as HRAP Rule 4(b) requires under the holdings in Setala v. J.C. Penney Company and Grattafiori v. State. Therefore, Appellant Abordo's and Appellant Ah Sing's joint appeal from the two May 7, 2012 orders in Criminal No. 93-0737 and Criminal No. 56581 is untimely.

"In criminal cases, [the Supreme Court of Hawai'i] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). Specifically, the Supreme Court of Hawai has permitted untimely appeals under two sets of circumstances:

> (1) [when] defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the fist instance, or (2) [when] the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

_Grattafiori v. State_, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (citations omitted). These two exceptions do _not_ apply to the instant case because (1) this case is not Appellant Abordo's and Appellant Ah Sing's appeal from their respective criminal convictions in Criminal No. 93-0737 and Criminal No. 56581 in the first instance, and (2) the records in appellate court case numbers SCPW-12-0000419 and SCPW-12-0000430 show that on May 30, 2012, the Honorable Richard K. Perkins mailed, among other things, certified copies of (a) the May 7, 2012 order in Criminal No. 93-0737 to Appellant Abordo and (b) the May 7, 2012 order in Criminal No. 56581 and Criminal No. 56581 to Appellant Ah Sing. Therefore, Appellant Abordo and Appellant Ah Sing do not qualify for the exceptions to the requirement that notices of appeal be timely filed.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." _Grattafiori v. State_, 79 Hawai'i at 13, 897 P.2d at 940(citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000615 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 14, 2012.

Presiding Judge

Associate Judge

Associate Judge